**In re Leonard J. MASSETTI a/k/a/ Leonard Massetti and Steven Malamut, Co-Partners, also trading as Grandaddy's and Massetti and Malamut, a Partnership Debtor.**

**Bankruptcy No. 82–02608G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 14, 1986.

Alan E. Boroff, Skippack Pike, Blue Bell, Pa., for debtor Leonard Massetti and Steven Malamut.

Edward C. Toole, Jr., Paul D. Keenan, Mary F. Walrath, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for objector, Frank Tambone.

Samuel M. Brodsky, Philadelphia, Pa., trustee.

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Eric E. Hocky, Rubin, Quinn & Moss, Philadelphia, Pa., for trustee, Samuel M. Brodsky.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The primary point for consideration in the case at bench is whether we should grant a debtor's belated application for the employment of counsel in order that said counsel may be compensated for services performed prior to the filing of the application. Due to binding precedent from the United States Court of Appeals for the Third Circuit, we conclude that we may not grant the application retroactive effect.

The facts of this controversy are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") in 1982 although the case was later converted to a chapter 7 proceeding and thereupon a trustee was appointed. At the time of the filing of the petition the debtor did not file an application for an order authorizing the appointment of its counsel. But months later, the debtor applied for compensation and reimbursement of expenses of its counsel. The trustee objected to the application since there had been no prior order appointing the debtor's counsel.

At about that time the trustee also sought approximately $37,000.00 from the general partners of the debtor based on the deficiency between the debtor's debts and its assets.

Almost three years after the filing of the petition, the debtor lodged an "application for approval of employment of [debtor's] attorney nunc pro tunc." The application sought an order approving the appointment of counsel for the debtor as of the beginning of the case. We approved the application *prospectively* but denied it retroactive effect based on precedent of the United States Court of Appeals for the Third Circuit.

Rule 7052.

The unpaid claims of the estate are $24,906.28 for unsecured claims, approximately $15,000.00 for chapter 7 administrative expenses and $62,072.07 for chapter 11 administrative expenses for a total of approximately $101,978.35. Assets of the estate total approximately $64,528.00 leaving a shortfall between assets and liabilities in the approximate amount of $37,450.35. This sum includes the debtor's claim for counsel fees earned after the filing of the chapter 11 petition but prior to the entry of the order appointing counsel.

In order to defray litigation expenses, the trustee and the debtor proposed to resolve their differences in a stipulation whereby the partners of the debtor agreed to judgment in favor of the trustee in the amount of $20,000.00, subject to the condition that the trustee could only collect on said sum to the extent of the shortfall between the assets and liabilities of the estate. The debtor agreed to withdraw its fees application and the trustee consented to withdraw its $37,000.00 claim against the debtor's partners. The trustee moved for approval of the stipulation.

Notice of the proposed settlement was disseminated to creditors and one creditor, Frank Tambone ("Tambone"), objected on two bases. First, the terms of the proposed settlement whereby the partners consent to judgment in the sum of $20,000.00 is the result of a de facto set-off of the $37,000.00 claim asserted by the trustee against the partners with the monies due to the partners from the trustee in the amount of approximately $14,000.00. Tambone contends that the settlement cannot be effected because he previously garnished the trustee's interest in any proposed funds to be distributed to the partners. Second, the proposed settlement would effectively negate this court's order which denied the debtor's application for the retroactive employment of counsel.

■ The Code mandates that the employment of professionals under 11 U.S.C. § 327 be approved by the bankruptcy court. § 327(a).[2] The proper vehicle by which court approval is sought, is through an application filed by the trustee, the debtor in possession or a properly constituted committee. Bankruptcy Rule 2014(a).[3] Notice need not be disseminated to creditors for the mere approval of the application, unless the court orders otherwise. After a properly appointed professional has performed the requisite services, he may file an application for compensation from funds in the bankruptcy estate. 11 U.S.C. § 330(a).[4] The procedure for obtaining this

2. § 327. Employment of professional persons.
   (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
   11 U.S.C. § 327(a).

3. Rule 2014. EMPLOYMENT OF PROFESSIONAL PERSONS
   (a) Application for and Order of Employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, any proposed arrangement for com-

pensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.
Bankruptcy Rule 2014(a).

4. § 330. Compensation of officers.
   (a) After notice and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional personal employed under section 327 or 1103 of this title, or to the debtor's attorney—
   (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any para-professional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and
   (2) reimbursement for actual, necessary expenses.

relief is by application. Bankruptcy Rule 2016.[5] Except as otherwise provided in Bankruptcy Rule 2002,[6] the court may not award compensation or a reimbursement of expenses in excess of $100.00 unless creditors are given 20 days notice during which they may file objections to the disbursement and request a hearing thereon.

■ In this circuit the rule has been strictly construed for at least six decades that a professional seeking compensation from the bankruptcy estate may not be paid for work done prior to the filing of his application for employment. *In Re Calpa Products*, 411 F.2d 1373 (3d Cir.1969); *In Re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir.1969); *In Re National Tool & Mfg. Co.*, 209 F.2d 256 (3d Cir.1954); *Kaufman v. Morrison* (In Re Robertson), 4 F.2d 248 (3d Cir.1925); *In Re Fidelity America Financial Corp.*, 48 B.R. 258 (Bankr.E.D. Pa.1985). As we repeated recently in *Fidelity:*

> There is no question that [the professional applying for compensation] acted throughout in good faith and a denial to him of compensation is a harsh conclusion. However, the law is unquestionably settled....

*Fidelity*, 48 B.R. at 260, *quoting, In Re Progress Lektro Shave Corp.*, 117 F.2d 602, 604 (2d Cir.1941).

5. 11 U.S.C. § 330(a).

5.     Rule 2016.

COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

(a) Application for Compensation or Reimbursement. A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.
Bankruptcy Rule 2016(a).

6.     Rule 2002

NOTICES TO CREDITORS, EQUITY SECURITY HOLDERS, AND UNITED STATES

■ The proposed settlement at issue would have the effect of subverting our order which denied retroactive effect to the appointment of the debtor's counsel and the precedent of the Third Circuit on which our order was based. As such, the proposed settlement cannot be approved.[7]

Anticipating this conclusion, the debtor has urged us to abrogate the "per se" rule against "nunc pro tunc" employment in the Third Circuit and apply the more flexible standard ennunciated in *In Re Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir. 1983). While the reasoning and conclusion in *Triangle* are somewhat persuasive, we are mandated to follow the rule of the Third Circuit rather than that of the Fifth.

We will, accordingly, enter an order denying the trustee's motion for approval of the proposed settlement.

(a) Twenty-Day Notices to Parties in Interest. Except as provided in subdivisions (h), (i) and (k) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of

\*     \*     \*     \*     \*     \*

(7) hearings on all applications for compensation or reimbursement of expenses totalling in excess of $100;

\*     \*     \*     \*     \*     \*

Bankruptcy Rule 2002(a) (in part).

7. Approval of a proposed settlement of a controversy is governed by Bankruptcy Rule 9019. See also, *In Re Blue Coal Corp.*, 47 B.R. 758 (Bankr.M.D.Pa.1985) (discussing the application of Bankruptcy Rule 919 which is the precursor of Rule 9019).