In re Charles Thomas BOBROFF a/k/a Charles T. Bobroff a/k/a Donney Bobroff and Zachary Fae, Debtor.

Jonathan H. GANZ, Trustee, Plaintiff,

v.

Ivan J. FEINER, Esquire, and Coco, Feiner & Citron, P.C., Defendants.

Bankruptcy No. 81–01525G.
Adv. No. 85–1029G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 22, 1986.

See also, Bkrtcy., 58 B.R. 950, 3d Cir., 766 F.2d 797, Bkrtcy., 40 B.R. 526.

Christopher G. Kuhn, Pincus, Verlin, Hahn & Reich, Philadelphia, Pa., for plaintiff/trustee, Jonathan H. Ganz.

Ivan J. Feiner, Coco, Feiner & Citron, Philadelphia, Pa., for defendants, Ivan J. Feiner, Esquire and Coco, Feiner & Citron, P.C.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The question for decision is whether we should grant the relief requested in the trustee's complaint and enter judgment against a law firm which received funds of the estate without approval of the bankruptcy court. For the reason outlined below, we will enter judgment in favor of the trustee and against the law firm.

The facts of this case are as follows:[1] An involuntary petition for relief against the debtor was filed under chapter 7 of the Bankruptcy Code ("the Code") and an order for relief was granted. We then appointed a trustee to administer the case.

After the filing of the petition the debtor engaged the firm of Coco, Feiner & Citron, P.C., ("Coco"), to litigate an insurance claim against Monarch Life Insurance Com-

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

pany ("Monarch"). Monarch and the debtor eventually settled the suit for $18,500.00 from which a fee of $7,500.00 was paid to Coco.

The entire $18,500.00 was property of the bankruptcy estate. At no time did the debtor or Coco seek or obtain approval from the bankruptcy court for the retention of the law firm. When apprised of the above facts the trustee commenced the instant suit against Coco seeking judgment of $7,500.00.

■ The Code mandates that the employment of professionals under 11 U.S.C. § 327 be approved by the bankruptcy court. § 327(a).[2] The proper vehicle by which court approval is sought, is through an application filed by the trustee, the debtor in possession or a properly constituted committee. Bankruptcy Rule 2014(a).[3] Notice need not be disseminated to creditors for the mere approval of the application, unless the court orders otherwise. After a properly appointed professional has performed the requisite services, he may file an application for compensation from funds in the bankruptcy estate. 11 U.S.C. § 330(a).[4] The procedure for obtaining this relief is by application. Bankruptcy Rule 2016.[5] Except as otherwise provided in Bankruptcy Rule 2002,[6] the court may not award compensation or a reimbursement of expenses in excess of $100.00 unless creditors are given 20 days notice during which they may file objections to the disbursement and request a hearing thereon.

2. § 327. Employment of professional persons
(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
11 U.S.C. § 327(a).

3. Rule 2014. EMPLOYMENT OF PROFESSIONAL PERSONS
(a) Application for and Order of Employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest their respective attorneys and accounts.
Bankruptcy Rule 2014(a).

4. § 330. Compensation of officers.
(a) After notice and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional personal employed under section 327 or 1103 of this title, or to the debtor's attorney—
(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any para-professional persons employed by such trustee, professional person or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and other cost of comparable services other than in a case under this title; and
(2) reimbursement for actual, necessary expenses.
11 U.S.C. § 330(a).

5. Rule 2016. COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
(a) Application for Compensation or Reimbursement. A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expense incurred, and (2) the amounts requested.
Bankruptcy Rule 2016(a).

6. Rule 2002. NOTICES TO CREDITORS, EQUITY SECURITY HOLDERS, AND UNITED STATES
(a) Twenty-Day Notices to Parties in Interest. Except as provided in subdivisions (h), (i) and (k) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of

＊   ＊   ＊   ＊   ＊   ＊

(7) hearings on all applications for compensation or reimbursement of expenses totalling in excess of $100;

＊   ＊   ＊   ＊   ＊   ＊

Bankruptcy Rule 2002(a) (in part).

**310**

In this circuit a professional seeking compensation from the bankruptcy estate generally may not be paid for work done prior to the filing and allowance of his application for employment. *In Re Calpa Products,* 411 F.2d 1373 (3d Cir.1969); *In Re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203 (3d Cir.1969); *In Re National Tool Mfg. Co,* 209 F.2d 256 (3d Cir.1954); *Kaufman v. Morrison* (In Re Robertson), 4 F.2d 248 (3d Cir.1925); *In Re Massetti,* 60 B.R. 756 (Bankr.E.D.Pa.1986); *Glick v. Brogan* (In Re Roberts), 58 B.R. 65 (Bankr.D.N.J. 1986) (per Goldhaber, J., sitting by designation); *In Re Fidelity America Financial Corp.,* 48 B.R. 258 (Bankr.E.D.Pa.1985). As we repeated recently in *Massetti:*

> There is no question that [the professional applying for compensation] acted throughout in good faith and a denial to him of compensation is a harsh conclusion. However, the law is unquestionably settled....

*Massetti,* 60 B.R. at 759, *quoting, In Re Progress Lektro Shave Corp.,* 117 F.2d 602, 604 (2d Cir.1941). A narrow exception to this rule was recently enunciated by the U.S. Court of Appeals for the Third Circuit. *In Re Arkansas Co., Inc. (Appeal of Beneson & Scher, P.A.),* 798 F.2d 645 (3d Cir. 1986). Under *Arkansas Co.* retroactive approval for the appointment of counsel may be granted in "extraordinary circumstances."

In the absence of an order appointing an attorney, the courts at times have allowed fees when counsel's actions have generated a common fund or benefited the estate. Under this method of compensation the attorney is not awarded fees on the value of reasonable services provided as would be allowable under § 330, but rather compensation is limited by value of the benefit inuring to the estate. This theory of compensation is often called the "common fund" rationale. Under this rubric the attorney bears the burden of establishing the value of the benefit flowing to the estate through his labor. In the absence of any proof on the matter, no fees can be awarded. As stated by the United States Court of Appeals for the Second Circuit, "The courts have been extremely reluctant to apply the 'common fund' rationale. *see e.g. Trustees v. Greenough* [15 OTTO 527], 105 U.S. 527, 26 L.Ed. 1157 (1881); *Kopet v. Esquire Realty Co.,* 523 F.2d 1005 (2d Cir. 1975); *In re American Express Warehousing, Ltd.,* 525 F.2d 1005 (2d Cir.1975); *Fidelity,* 48 B.R. at 260.

 In the case at bench Coco was employed by the debtor and received funds from the bankruptcy estate without prior application to or approval of the bankruptcy court. There are no extraordinary circumstances justifying the entry of an order retroactively appointing counsel under the rule announced in *Arkansas Co.* Furthermore, no proof was introduced on the value of the service rendered for the application of the "common fund rule." In light of the above authority we will accordingly enter judgment in favor of the trustee and against Coco in the amount of $7,500.00.