**In re Bill and Marilyn HARGIS, Debtors.**

**Bankruptcy No. 383–01539–A–11.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

May 22, 1987.

Philip I. Palmer, Jr., Elizabeth A. Bates, Palmer & Palmer, P.C., Dallas, Tex., for debtors.

William S. Parkinson, Attorney Advisor, Office of U.S. Trustee for the N.D. Texas, Dallas, Tex.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

This decision concerns bankruptcy ethics. The proceeding comes before the court upon the Motion to Disqualify Counsel, the Motion for Examination of Debtor's Transactions with Attorney, and the Motion to Dismiss filed by the United States Trustee. This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. This is a core proceeding which involves matters concerning the administration of the estate. The focus of the controversy, as may be seen from the captions of the U.S. Trustee's motions, is on the actions of the law firm representing the Debtor. For reasons that will be stated *infra*, the court's Order will have a somewhat broader scope however.

This case was initiated by a voluntary petition filed by Bill Hargis and Marilyn Hargis on November 18, 1983 under Chapter 11 of the Bankruptcy Code. The two debtors were husband and wife, but on September 30, 1984, Bill Hargis died. Marilyn Hargis has continued as the debtor in possession in this proceeding.

The bankruptcy petition was signed by Elizabeth Bates, an attorney associated with the law firm of Palmer & Palmer, P.C. of Dallas, Texas.[1] The capacity of Palmer & Palmer was listed as "Attorney for Petitioner(s)" on the petition. The firm filed a statement setting forth an agreement that $50,000.00 was to be paid the firm as compensation for their representation in this proceeding. It appears that no retainer was received, however, the disclosure of compensation is so scant that the court cannot determine the nature of the compensation arrangement. The case file contains no application to employ the law firm, no Order authorizing such employment, and no Order authorizing payment of compensation.

In the "Statement of Affairs For Debtor Not Engaged in Business" filed with the Chapter 11 petition, the Debtors listed the

---

1. Palmer & Palmer, P.C. was known as Palmer, Palmer & Coffee at the time the petition was filed. The court will refer to the firm as "Palm- er & Palmer", the "law firm", or the "firm" regardless of the firm's name at the time referred to.

law firm as having a lien on "pictures, paintings, carvings, and vases for $87,-000.00". This lien on the Debtors' property secured a pre-petition debt for attorney's fees incurred in non-bankruptcy matters. Palmer & Palmer had represented the Debtors in an apparently wide range of matters concerning Bill Hargis' many business activities prior to this bankruptcy.

Among Bill Hargis' business activities was the ownership and operation of a company known as Aweco, Inc. Aweco, Inc. is itself a debtor in a separate bankruptcy, Case No. 381–00301–M–11. The Aweco case and the Hargis case are intertwined to the extent, at least, that they have certain creditors in common [2] and that, after the death of Bill Hargis, Marilyn Hargis received a payment of life insurance proceeds of a policy maintained on Bill Hargis by Aweco. The amount of the insurance payment was approximately $670,000.00. These insurance proceeds are alleged to not be property of the estate in this case because they were received more than 180 days after the filing of the petition. See 11 U.S.C. sec. 541(a)(5)(C).

Palmer & Palmer has received compensation in an undetermined amount during the pendency of this case. The source of the compensation is said to be the insurance proceeds received by Marilyn Hargis from Aweco. No disclosure of this compensation has been filed by the firm.

On February 6, 1987, at a hearing on the Debtor's motion to employ special counsel [3] the court found that Palmer & Palmer were disqualified from representing the Debtor in this proceeding because they were a creditor of the estate and maintained a lien on the Debtor's property. From the bench, the court ordered the firm to refrain from any further representation of the Debtor in this case. However, no written Order was ever entered. Subsequently, the firm filed an application to sell

real property and a motion to determine exempt status on the Debtor's behalf. This filing had to do with the Debtor's claim that her home was a homestead and exempt from the claims of creditors under Texas law.

As matters stand, the estate has claims exceeding $100,000,000.00 filed against it. The Debtor maintains (successfully to date) that her home equity, valued at approximately $200,000.00, and the remaining insurance proceeds [4] are not property of the estate and beyond the reach of the bankruptcy court. If the Debtor's position is accepted, there is very little value in the estate. However, the estate is footing the bill for tax counsel who presumably are diligently defending the estate and the Debtor's non-estate property from the grasp of the IRS. All of this has been orchestrated by counsel for the Debtor, who assert by argument and conduct that they are entitled to flout the requirements of the Bankruptcy Code and the authority of the court. As the court perceives this case, its entire substance is summarized by the situation described in the preceding sentences and in the following excerpt from the Debtor's Disclosure Statement:

> Marilyn E. Hargis was a housewife at the time the Chapter 11 petition was filed. She is currently seeking full-time employment in her areas of expertise and prior work experience.

It is transparently obvious that this reorganization has no potential of ever providing any meaningful recovery to the Debtor's creditors. Based on the contents of the case file and the court's experience with this proceeding, it appears to the court that the purpose of this "reorganization" is to shield Marilyn Hargis from her creditors while property of the estate is used to finance her defense of tax claims that ultimately could defeat her state law exempt property rights. In the meantime, she has

---

**2.** Creditors of Aweco, principally the Department of Energy and the Internal Revenue Service, have filed claims totalling approximately $109,143,721.31 in the Hargis case.

**3.** Special counsel were employed to defend certain tax claims asserted against the Debtor.

**4.** The court estimates the balance to be somewhat in excess of $300,000.00, based on the "operating reports" haphazardly filed by the Debtor.

enjoyed an "operating budget", funded from the insurance proceeds, of approximately $12,000.00 per month which has been spent on her house payments and rather elevated lifestyle.

█ In its entirety, the proceeding itself is only so much artifice. There is no ongoing business and no hope of rehabilitation. The estate has suffered a continuing diminution of assets and the Debtor has offered nothing of substance to her creditors. Perhaps the case had merit as originally filed, though the court's review of the record casts doubt on this indulgence. Now however, the court finds that this proceeding is a perversion of the reorganization process and not conducted in good faith. There can be no purpose to this proceeding aside from delay and the financing of a battle of legal attrition against the Debtor's creditors. The court therefore finds that this proceeding should be dismissed. 11 U.S.C. sec. 1112(b); *Matter of Little Creek Development Co.*, 779 F.2d 1068 (5th Cir.1986); *In re Victory Construction Co., Inc.*, 9 B.R. 549 (Bankr.C.D.Cal.1981).

At the April 23, 1987 hearing on the motions of the U.S. Trustee identified at the beginning of this memorandum, the court informed Mr. Phillip Palmer, in so many words, that the situation was not acceptable. The court announced its intention to order Palmer & Palmer to pay over all compensation received to the registry of the court and its intention to sanction the law firm in the amount of $25,000.00. Mr. Palmer was given his due process hearing at that time and ordered to show cause why the court should not enter the order it had outlined.

█ Mr. Palmer, who appeared on behalf of Marilyn Hargis as her attorney at the hearing, offered the argument that the representation was proper and that compliance with provisions of the Bankruptcy Code governing attorneys who represent debtors

was unnecessary. This argument is based on a supposed distinction between the "debtor" and the "debtor in possession".[5] As the argument goes, the "debtor in possession" is the role played when one is performing the duties of a debtor under Chapter 11 of the Bankruptcy Code. The "debtor", of course, is the role played at other times. Thus, a legalistic split-personality is said to arise upon the filing of a Chapter 11 petition, making it desirable in some instances to have separate representation for each role.

This argument perhaps had colorable validity in the Fifth Circuit prior to the decision rendered in *Matter of Triangle Chemicals*, 697 F.2d 1280 (5th Cir.1983). In that decision the Court of Appeals made it clear that the Bankruptcy Code of 1978 abolished the concept of a distinction between a debtor in Chapter 11 and a debtor in possession.[6] In *Triangle Chemicals*, the court stated:

> [I]n a chapter 11 reorganization proceeding there is no distinction between the "debtor" and the "debtor in possession" (where no trustee is appointed) with regard to acts or transactions performed on its behalf subsequent to the filing of the reorganization petition ... *[U]ntil this decision* the question was somewhat uncertain and not dispositively decided so as to foreclose similar uncertainty in the future.

*Triangle Chemicals*, 697 F.2d at 1290. The distinction was described and rejected in the earlier decision of *Matter of Cle-Ware Industries*, 493 F.2d 863 (6th Cir. 1974). More recently, this court has written on the invalidity of this arcane distinction as well. *In re Chapel Gate Apartments, Ltd.*, 64 B.R. 569 (Bankr.N.D.Tex. 1986). Thus, the court rejects the argument offered by Palmer & Palmer to excuse compliance with the Bankruptcy Code requirements applicable to attorneys representing debtors.

---

**5.** Palmer & Palmer has signed each pleading filed in this case as "Attorney for Debtor".

**6.** The current Bankruptcy Code also precludes any notion that there is a distinction between a "debtor" and a "debtor in possession". A "debt-

or" is a person concerning which a case under Title 11 has been commenced. 11 U.S.C. sec. 101(12). A "debtor in possession" is a debtor except when a trustee has been appointed. 11 U.S.C. sec. 1101(1).

■ In order to be qualified to represent a debtor in bankruptcy, an attorney must be disinterested and not hold or represent an interest adverse to the estate. 11 U.S.C. sec. 327; *In re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985). While an attorney is not disqualified under Section 327 solely because the attorney represented the debtor before commencement of the case, 11 U.S.C. sec. 1107(b), there is no provision in the Bankruptcy Code that provides special treatment for attorneys who are pre-petition creditors. Indeed, Section 328(c) provides that the court may entirely deny compensation to an attorney who represents a debtor and is not qualified to do so.

An attorney for a debtor in possession serves as counsel to a fiduciary, and is in fact a fiduciary as to the estate and the court. 11 U.S.C. sec. 1107.

■ It is well established that attorneys who perform services for a debtor during the pendency of a Chapter 11 proceeding cannot be compensated for those services if the attorney's employment has not been approved by the court. *In re Lewis*, 30 B.R. 404 (Bankr.E.D.Pa.1983); 2 *Collier on Bankruptcy*, para. 327.02 (15th ed. 1986). Moreover, Palmer & Palmer failed to fulfill the disclosure requirements of Section 329 and Bankruptcy Rule 2016. Disclosure of compensation received from a debtor, whether or not such compensation is sought through application to the court, is required by the Bankruptcy Code and Rules. When payments that so clearly fall within the purview of these provisions are only discovered as the result of a challenge by another party, the court is forced into the conclusion that the subject attorney has probably willfully failed to perform a known duty.

■ Attorneys who ignore the provisions of the Bankruptcy Code and Rules do so at their peril. The court simply cannot condone or excuse such conduct and fulfill its duty in administering bankruptcy cases and fairly deciding issues arising in the proceedings. *Matter of Consolidated Bancshares*, 785 F.2d 1249 (5th Cir.1986); *Matter of Arlan's Department Stores, Inc.*, 615 F.2d 925 (2d Cir.1979). There are ample grounds for the total disallowance of all fees collected by Palmer & Palmer from the Debtor during the pendency of this case.

■ Bankruptcy Rule 9011 requires that an attorney who files papers in the case to sign each such document, to read the document, and certify that the document is warranted and not filed for an improper purpose. Bankruptcy Rule 9011(a) states in part: "If a document is signed in violation of this rule, the court ... shall impose ... an appropriate sanction, ..." Palmer & Palmer has signed numerous documents filed in this case which violate Rule 9011. Accordingly, the court shall impose sanctions against Palmer & Palmer under Rule 9011. See *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir.1985). Also, to deter conduct such as Palmer & Palmer has exhibited throughout this proceeding in the future, the court shall impose sanctions for breach of duty. An example of the seriousness of this situation is seen in the contention by Palmer & Palmer that the funds used to pay both their pre-petition claims and their fees for bankruptcy related services were not property of the estate. Whether or not this is true, the unilateral and *ex parte* determination of the matter by Palmer & Palmer is an inexcusable breach of their duty both to the court and to the estate.

■ In analogous cases it has been held that a showing of actual harm is not a necessary predicate to action by the court; the potential for harm is sufficient. See *Woods v. City National Bank and Trust of Chicago*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1941). The court entirely disregards the attempt by Palmer & Palmer to avoid their fiduciary duties as attorney for the Debtor. Having assumed the role of a court appointed fiduciary, albeit without the necessary formalities, the court holds the Palmer & Palmer law firm to the standards applicable to fiduciaries. The court will not speculate as to the reasons for the failure to fulfill those standards in this case. The court can only emphasize that, whatever the reasons, such conduct is

absolutely contrary to the fiduciary duty of court appointed counsel.

For the reasons set out above, regarding both the conduct of the Palmer & Palmer law firm and the current state of this Chapter 11 proceeding, the court finds that that the motions of the U.S. Trustee identified in the first paragraph of this memorandum should be granted. The court has prepared the Order and entered it into the record contemporaneously herewith.

## ORDER

At Dallas, Texas, this 23rd day of April, 1987, came on before the Court the Motion to Disqualify Counsel, the Motion for Examination of Debtor's Transactions with Attorney, and the Motion to Dismiss filed by the United States Trustee. The Court, having considered the record, the pleadings, the evidence adduced at the hearing held April 23, 1987, and the arguments of counsel, and having entered it Memorandum Opinion of even date herewith, finds that the Motions referenced above should be granted as herein set out. The Court, having further ordered Palmer & Palmer, P.C., of Dallas, Texas, to show cause why the law firm should not be sanctioned, and the showing being unsatisfactory, also assesses sanctions.

IT IS THEREFORE ORDERED that the law firm of Palmer & Palmer, P.C. of Dallas, Texas is disqualified from representing the Debtor, Marilyn Hargis, in any further bankruptcy proceedings or in connection with any bankruptcy case in which Marilyn Hargis is a debtor.

IT IS FURTHER ORDERED that the law firm of Palmer & Palmer, P.C. shall make available to the United States Trustee all documents, memoranda and other indicia of Marilyn Hargis' and Bill Hargis' transactions with the firm related in any manner to this bankruptcy case; that attorneys of the Palmer & Palmer, P.C. law firm who have knowledge of any such transaction shall make themselves available upon reasonable notice for depositions or other appropriate form of discovery conducted by the United States Trustee and any party in interest who wishes to participate; and that notice of such discovery shall be issued by the United States Trustee to all interested parties.

IT IS FURTHER ORDERED that Palmer & Palmer, P.C. shall pay to the Clerk of the Court, to be held at interest and subject to the future disposition by the Court either upon motion of a party in interest or sua sponte all payments of money or property received from the Debtor during the pendency of this case.

IT IS FURTHER ORDERED that Palmer & Palmer, P.C. shall pay to the Clerk of the Court the sum of $25,000.00 as a sanction for its unacceptable conduct throughout the pendency of this case. This sum is to be held at interest and shall be subject to further Order of this Court.

IT IS FURTHER ORDERED that, with the exception of the matters pertaining to Palmer & Palmer, P.C., set out above, the bankruptcy case number 383–01539–A–11, Marilyn Hargis, Debtor, is dismissed, and that Marilyn Hargis, for cause shown, is permanently enjoined from filing any bankruptcy petition other than one under Chapters 7 or 13 of Title 11 and that any such bankruptcy petition may only be filed in the Northern District of Texas, Dallas Division, or such other District in which Marilyn Hargis shall have established a permanent residence.