**In re FLORIDA BRETHREN HOMES, INC., d/b/a the Palms of Sebring, Debtor.**

**Bankruptcy No. 88–01262–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Sept. 9, 1988.

See also, Bkrtcy., 88 B.R. 445.

Daniel L. Bakst, West Palm Beach, Fla., for Creditors' Committee.

K. Rodney May, Foley & Lardner, vandenBerg, Gay, Burke, Wilson & Arkin, Orlando, Fla., for debtor.

Michael J. Bittman, Dempsey and Goldsmith, P.A., Winter Park, Fla., for Accountants for debtor (Lovelace, Roby and Co.)

### ORDER ON SECOND INTERIM FEE APPLICATION

THOMAS C. BRITTON, Chief Judge.

The Second Amended Application of the debtor's accountant for interim compensation (CP 60) was heard September 6. This application was prompted by an Order (CP 58) of August 11 denying without prejudice the applicant's earlier application (CP 41), because it included compensation for services provided before movant's employment was authorized. This application does the same thing and is also denied without prejudice to an application for services furnished *after* employment was authorized. For the reasons explained below, I accept movant's suggestion that employment was authorized *April 15, 1988*.

Movant's application under 11 U.S. C. § 327(a) for approval of its employment was filed April 13 (CP 7a) with an undated certificate of service. Pleadings which do not appear to have been served on opposing

counsel are not brought to my attention and are routinely and immediately returned for complete execution. A copy of the incomplete application was docketed to reflect what had happened (CP 7a).[1]

Instead of completing and returning the application, the debtor's attorney did nothing until April 29 and then wrote the Clerk to complain that the application had been neglected. The letter, received May 2, was brought to my attention and I entered an Order May 9 (CP 21) authorizing the applicant's employment.

I suspect that movant was not clearly instructed to certify service. I therefore agree with the movant's suggestion that approval of its employment should be retroactive to April 15, two days after the application reached this court.

■ I do not agree, however, with movant's alternative suggestion that approval of this employment should be retroactive to April 5, the commencement of this bankruptcy.

Movant argues that the requirement of § 327(a) is a "procedural formality" and that since "only eight days elapsed" before the application was filed, its failure to comply with the statute should be ignored. No reason or excuse is given for the failure to comply with the statute.

The statutory requirement for court approval together with the disclosure requirement of B.R. 2014(a) each serves an essential purpose. They furnish a safeguard against burdening the estate with expensive duplication of services and against a conflict of interest.

Both requirements existed under the Act of 1898 and it has always been clear that non-compliance generally leads to forfeiture of compensation even to those professionals who in good faith furnished valuable services to the estate. *See, e.g., In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir.) (en banc), *cert. denied*, 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969);

2 *Collier on Bankruptcy* (15th Ed.1988) ¶ 327.02.

In company with the majority, this Circuit permits retroactive approval "in rare or exceptional circumstances", where:

"the attorney (who should have secured prior approval for his retainer) has performed valuable services for the debtor's estate that have increased the common funds available for distribution to the creditors"

and those services were performed:

"under the eye of the court itself". *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280, 1289 (5th Cir.1983).

This applicant has not made either showing here, nor has it shown any comparable exceptional circumstances to justify its delayed compliance with § 327(a) and B.R. 2014(a). For this reason compensation for services before April 15 is denied.[2]

This application, like the first, affords no way to delete services before April 15. Once again, therefore, it is denied without prejudice to a third application *limited to services beginning April 15th.*

---

1. The application to employ debtor's counsel, which was complete, was also filed April 13 and was approved April 15. (CP 6, 9).

2. Movant is not entitled to administrative priority payment from this debtor's estate. It may, of course, look to the debtor's counsel, or a principal of the debtor if either misled movant or was otherwise responsible. This court has no jurisdiction over nor any concern with such a claim.