### In re PEOPLES SAVINGS CORPORATION, Debtor.

**Bankruptcy No. 89 B 12309.**

United States Bankruptcy Court, N.D. Illinois, E.D.

April 26, 1990.

---

152

Alexander Terras, Burke, Wilson & McIlvaine, Chicago, Ill., for Burke, Wilson & McIlvaine.

Larry M. Wolfson, Timothy J. Chorvat, Jenner & Block, Chicago, Ill., for creditor, Steven M. Rayman.

David Missner, Rudnick & Wolfe, Chicago, Ill., for creditor, John Schnure.

Richard Friedman, Office of the U.S. Trustee, Chicago, Ill., trustee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes to be heard on the final application of Burke, Wilson & McIlvaine (the "Applicant") pursuant to 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016 for the allowance of $35,118.00 in compensation and reimbursement of expenses in the amount of $2,314.42 for the period July 3, 1989 through September 21, 1989. Proper notice was given to all creditors and parties in interest pursuant to Federal Rule of Bankruptcy Procedure 2002. Objections to the application were filed by the United States Trustee, and two creditors, Steven M. Ray-

man and John B. Schnure. For the reasons set forth herein, the Court hereby denies the request for compensation and reimbursement of expenses and sustains the objections.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this fee application pursuant to 28 U.S.C. § 1334 and General Rule 2.33(a) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), and (O).

## II. FACTS AND BACKGROUND

On July 25, 1989, Peoples Savings Corporation (the "Debtor") filed a Chapter 11 petition. It is a debtor-in-possession as defined in 11 U.S.C. § 1101(1) and has remained in possession and control of its property under 11 U.S.C. § 1107(a). On August 1, 1989, the Debtor filed an application for approval to employ the Applicant. The required Rule 2014(a) affidavit attached to the application for employment disclosed that for a substantial time pre-petition, the Applicant represented and continues to represent James M. Flanagan and Thomas D. Flanagan, creditors of the estate. James M. Flanagan is also a shareholder of the Debtor and personally guaranteed various loans obtained by the Debtor.

Subsequently, Rayman filed objections to the Applicant's employment asserting the Applicant's representation of both the Flanagans' and the Debtor's interests created an actual conflict of interest, barring representation of the Debtor pursuant to 11 U.S.C. § 327(c). Thereafter, on August 29, 1989, the Court denied the Applicant employment as counsel for the Debtor on the ground that there was an actual conflict of interest. The Court held that the fact that Flanagan guaranteed a substantial amount of the Debtor's indebtedness held by Steven Rayman and perhaps others, exposed him to liability for same if the Debtor did not pay the underlying obligations. The Court noted that this relationship created a dichotomy of opposing interests between Flanagan and the Debtor. The Court concluded that the Applicant's simultaneous representation of the Debtor and one of its principals created an actual, not merely a potential, conflict of interest. However, the denial was made without prejudice to the Applicant's right to seek compensation for services rendered in connection with the case.

Both Rayman and the United States Trustee object to the payment of any compensation to the Applicant. Successor counsel was employed with Court approval. Two proposed reorganization plans have been proffered which have been resisted by Rayman. Hearings have been held on motions to dismiss or convert, filed by Rayman and the United States Trustee. The Court has entered an Order converting the case to Chapter 7 pursuant to 11 U.S.C. § 1112(b)(1) and (b)(2).

## III. ISSUE

The issue presented here is whether the Applicant can be compensated for services rendered to the Debtor, in light of the fact that the Court has denied the Applicant's request for employment pursuant to 11 U.S.C. § 327(a) because of a conflict of interest.

## IV. DISCUSSION

### A. EMPLOYMENT OF PROFESSIONAL PERSONS PURSUANT TO 11 U.S.C. § 327

In order to promote a clear understanding of the issue at bar, it is necessary to set forth the relevant provisions an attorney must follow in making an application for compensation in a bankruptcy case. The Bankruptcy Code and Rules regarding same are not ambiguous. Section 327 of the Bankruptcy Code authorizes the trustee[1], subject to court approval, to employ

---

1. Pursuant to 11 U.S.C. § 1107(a), the "debtor-in-possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case" under Chapter 11. Section 1107 makes the language in sections 327 and 330 regarding the employ-

one or more professional persons to perform services for the estate. Section 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

■ An attorney or other professionals may not be employed except with court approval. The procedure for obtaining such approval is contained principally in Federal Rule of Bankruptcy Procedure 2014(a). Bankruptcy Rule 2014(a) provides in relevant part:

> An order approving the employment of attorneys ... or other professionals pursuant to § 327 ... shall be made only on application of the trustee ... stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest.... The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest....

Fed.R.Bankr.P. 2014(a).

The burden is on the person making the statement to come forward with facts pertinent to eligibility and to make full, candid and complete disclosure. *In re Roberts*, 75 B.R. 402, 411–412 (D. Utah 1987) (en banc), *aff'd in part and rev'd in part*, 46 B.R. 815 (Bankr.D.Utah 1985); *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 237 (Bankr.E.D.Cal.1988).

Moreover, pursuant to section 327(c), a person is not disqualified from employment solely because of such person's employment by or representation of a creditor, unless there is an objection by another creditor or the United States trustee. In that case, the court shall disapprove the employment if there is an actual conflict of interest. *See* 11 U.S.C. § 327(c). In the case at bar, such objections were filed. Consequently, a hearing was held and the Court found that the Applicant had an actual conflict of interest, thus barring its employment as attorney for the Debtor.

■ A debtor-in-possession's choice of counsel is subject to court approval. *In re Prime Foods of St. Croix, Inc.*, 80 B.R. 758, 760 (D.V.I.1987). The failure to obtain court approval may result in the denial of any compensation for the services rendered. *In re Wittman Engineering & Mfg. Co.*, 66 B.R. 488, 489 (Bankr.N.D.Ill. 1986); *In re Lavender v. Wood Law Firm*, 785 F.2d 247, 249 (8th Cir.1986); *In re Massetti*, 60 B.R. 756, 759 (Bankr.E.D.Pa. 1986); *In re Roberts*, 58 B.R. 65, 67 (Bankr.D.N.J.1986); *In re Willamette Timber Systems, Inc.*, 54 B.R. 485, 489 (Bankr. D.Or.1985); *In re Rene Press, Inc.*, 23 B.R. 381, 383 (Bankr.D.Mass.1982); *In re Byman Furniture & Interiors, Inc.*, 14 B.R. 230, 233 (Bankr.S.D.Tex.1981). Admittedly, this is oftentimes a harsh rule. Regardless of the harshness, it is a necessary rule to ensure that courts have control over the assets of estates. *In re Garland Corp.*, 8 B.R. 826, 828 (Bankr.D.Mass.1981). The court in *In re Massetti*, 60 B.R. 756 (Bankr. E.D.Pa.1986), stated, "[t]here is no question that [the professional applying for compensation] acted throughout in good faith and a denial to him of compensation is a harsh conclusion. However, the law is unquestionably settled...." *Id.* at 759, *quoting In re Progress Lektro Shave Corp.*, 117 F.2d 602, 604 (2d Cir.1941).

This rule has been steadfastly applied even when the services rendered have benefitted the estate. *In re Morton Shoe Cos.*, 22 B.R. 449 (Bankr.D.Mass.1982); *In re Garland Corp.*, 8 B.R. 826 (Bankr.D.

---

ment of professional persons applicable to the debtor in possession.

Mass.1981); *In re Fiberglass Specialty Co.*, 12 B.R. 119 (Bankr.D.Minn.1981); *In re Hucknall Agency, Inc.*, 1 B.R. 125 (Bankr.W.D.N.Y.1979). Many courts have strictly construed these provisions and have denied compensation to professionals who performed services for a debtor during the pendency of a Chapter 11 case without first obtaining court approval. *See In re Futuronics Corp.*, 655 F.2d 463 (2d Cir. 1981), *cert. denied*, 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982); *In re Hargis*, 73 B.R. 622 (Bankr.N.D.Tex.1987); *In re Bobroff*, 64 B.R. 308 (Bankr.E.D.Pa.1986); *In re Lewis*, 30 B.R. 404 (Bankr.E.D.Pa. 1983); *In re Morton Shoe Cos.*, 22 B.R. 449 (Bankr.D.Mass.1982); *In re Byman Furniture & Interiors, Inc.*, 14 B.R. 230 (Bankr. S.D.Tex.1981). Some courts have taken the position that work is done on a pro bono basis until an order is obtained employing counsel. *See e.g., In re Mahoney, Trocki & Associates, Inc.*, 54 B.R. 823 (Bankr.S.D. Cal.1985). Collier, in summarizing the law in this area states:

> When there is no compliance with the Code or the rules, a professional may forfeit his right to compensation. The services ... must have been performed pursuant to appropriate authority under the Code and in accordance with an order of the court. Otherwise, the person rendering services may be an officious intermeddler or a gratuitous volunteer ... even though valuable services were rendered in good faith.

2 *Collier on Bankruptcy*, ¶ 327.02 at 327–7 (15th ed.1989).

■ Generally, noncompliance with section 327(a) and Bankruptcy Rule 2014(a) leads to forfeiture of compensation, even if valuable services were furnished to the estate. *In re Florida Brethren Homes, Inc.*, 92 B.R. 536, 537 (Bankr.S.D.Fla.1988); *In re William A. Smith Construction Co.*, 92 B.R. 757, 759 (Bankr.N.D.Ohio 1988); *In re Yeisley*, 64 B.R. 360, 362 (Bankr.S.D.Tex. 1986). Absent court approved employment, the professional rendering services is deemed a volunteer. *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1285 (5th Cir.1983); *In re Fountain Bay Mining Co.*, 46 B.R. 122, 124 (Bankr.W.D.Va.1985);

*In re New England Fish Co.*, 33 B.R. 413, 419 (Bankr.W.D.Wash.1983).

Courts have enumerated several reasons for requiring court approved employment prior to allowing compensation for services rendered. It gives the courts an opportunity to monitor the case and control costs involved in the reorganization process; provides the creditors and other parties in interest an opportunity to be appraised of unusual expenditures, particularly those for attorneys and other professionals' fees; and to preserve available funds to fund a plan of reorganization. *In re Nana Daly's Pub, Ltd.*, 67 B.R. 782, 786 (Bankr.E.D.N. Y.1986); *In re Yeisley*, 64 B.R. 360, 362 (Bankr.S.D.Tex.1986).

### B. 11 U.S.C. § 330 COMPENSATION OF PROFESSIONAL PERSONS

■ Section 330 of the Bankruptcy Code is the statutory basis for allowing compensation to professional persons. Subsection (a) requires that the person seeking compensation must first be authorized to be employed pursuant to section 327 or 1103. *See* 11 U.S.C. § 330(a). The Court finds that it lacks statutory authority to allow the compensation requested for the services performed prior to and after the order denying employment. In the absence of a court order approving the Applicant's employment, there is no statutory basis upon which the Court can make a fee award. Although this result may seem draconian, the Bankruptcy Code and Rules are clear. The Court follows the general rule that professionals must first obtain an order authorizing employment in order for the Court to award fees upon subsequent application, notwithstanding the reasonableness, necessity and benefit to the estate of the services rendered. To the extent other courts have held to the contrary, the Court declines to follow those decisions. *See In re Cormier*, 35 B.R. 424 (D.Me.1983); *In re Eastern Inns of New Hampshire, Inc.*, 72 B.R. 418 (Bankr.D.Me.1987).

### C. 11 U.S.C. § 328 LIMITATION ON COMPENSATION

■ The Applicant further argues that the Court has authority to award compen-

sation pursuant to 11 U.S.C. § 328(c). Section 328(c) provides:

> Except as provided in section 327(c), 327(e) or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person *employed under section 327* or 1103 of this title *if, at any time during such professional person's employment under section 327* or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matters on which such professional person is employed.

11 U.S.C. § 328(c) (emphasis added). This section does provide for some discretion on the part of the Court. Notwithstanding such discretion conferred on the Court, it can be appropriately exercised only after an order has been entered authorizing employment of a professional person pursuant to section 327(a).

Accordingly, the Court finds that it is inappropriate to exercise the authority under section 328(c) to award the Applicant compensation. The decision to deny all requested compensation is rendered more difficult in light of the Applicant's timely disclosure of the disqualifying conflict. The Applicant did not attempt to conceal the facts and thus, followed the clear requirements of Bankruptcy Rule 2014(a). Nevertheless, the unpalatable result remains the same in spite of the Applicant's candor. The result reached here is not pleasant, but is mandated by the existing provisions of the Bankruptcy Code.

As the Court noted when it denied the Applicant's employment, it does not disparage or criticize the Applicant's hard work and effort put forth in this case. In addition, the denial of the compensation should not serve to cast any negative aspersions or adverse inferences upon the Applicant's capabilities or ethics. In fact, the Court lauds the Applicant for making appropriate and timely disclosure under Rule 2014(a), instead of concealing or failing to disclose the fact only to have same revealed at a later date. The Court is mindful that honest lawyers such as the Applicant, who make the disclosure at the outset of the case, can potentially fare worse by denial of their compensation, than those professionals who initially conceal or fail to disclose a conflict of interest, which is later discovered. Such an anomalous result could occur because of the directory, rather than mandatory language, contained in section 328(c). The legislative draftsmanship, therefore, contains a potential for abuse if such discretion is not appropriately and carefully exercised. Hence, the interplay between section 327 and 328(c) must be carefully monitored to prevent unjust results wherein the honest professional could be effectively penalized in one case but, the professional who fails to make timely disclosure of a similar conflict is not penalized.

To award the Applicant compensation based upon the theory of quantum meruit or any other equitable basis, however, would undermine the Order denying the employment and render it a virtual nullity. The strict requirements of section 327 would be effectively eviscerated by any award of compensation. Absent an order authorizing the Applicant's employment under section 327, there is no statutory basis upon which to compensate the Applicant under section 330. The result here is consistent with the Court's rulings in other cases wherein a conflict has been undisclosed or concealed and the Court has denied all compensation under section 328(c). Moreover, this decision comports with the Court's Opinion rendered in *In re Grabill Corp., In re Windsor–Hamilton, Ltd., Foxxford Group, Ltd., Camdon Companies, Inc., Techna Group, Ltd.,* 113 B.R. 966 (Bankr.N.D.Ill.1990). That Opinion denied compensation to a law firm which simultaneously represented five related corporate debtors and the sole shareholder for a time pre-petition. That law firm, like the Applicant, failed to receive an order authorizing employment because the Court found an actual conflict of interest existed in the simultaneous representation. Many of the case authorities cited therein are

applicable to the case at bar, but need not be repeated here.

## D. CASES CITED BY THE PARTIES

■ The Applicant principally relies upon and cites the case *In re Roger J. Au & Son, Inc.*, 71 B.R. 238 (Bankr.N.D.Ohio 1986) for the proposition that denial of compensation under section 328(c) is within the sound discretion of the Court. The *Roger J. Au & Son* court stated in relevant part:

As the use of the word "may" denotes, denial of compensation is a matter of discretion with the court. (citations omitted). "The general rule should be that all fees are denied when a conflict is present, but the court should have the ability to deviate from that rule in those cases where the need for attorney discipline is outweighed by the equities of the case". *In re Watson Seafood and Poultry Company, Inc.*, 40 B.R. 436 (Bankr. E.D.N.C.1984). However, when an actual conflict of interest is present, the sixth circuit has held it is an abuse of discretion to allow any compensation. *In re Georgetown of Kettering Ltd.*, 750 F.2d 536 (6th Cir.1984).

71 B.R. at 242.

The *Roger J. Au & Son* case, is distinguishable on one critical point; the professional involved had received an order of court authorizing employment in contrast to the Applicant in the instant case. *Id.*, at 239. Thus, in that case, the court could proceed to exercise its discretion under section 328(c). No such proper exercise can be made in the instant case.

In addition, the Applicant has incorrectly relied on cases dealing with the issue of *nunc pro tunc* employment. The case at bar does not involve a request for or any circumstances warranting entry of a *nunc pro tunc* order of employment. The Applicant further incorrectly argues that its conflict was potential and consequently, the Court can and should equitably exercise the discretion afforded under section 328(c) and award all compensation requested. To the contrary, upon review of the transcript of the proceedings, employment was denied as a result of an actual conflict. Even though the continuing simultaneous representation of the interests of the Debtor and the Flanagans were disclosed in the early stages of the case, and the Applicant certainly did not attempt to conceal its continued representation of the Flanagans, the Court is statutorily unable to authorize any compensation and declines to exercise its equitable powers in derogation of the statutory requirements. The Supreme Court has recently made it clear that the bankruptcy court's exercise of its equitable powers is confined within the parameters of the Bankruptcy Code itself. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988).

## V. CONCLUSION

For the foregoing reasons, the Court hereby denies Burke, Wilson & McIlvaine compensation and reimbursement of expenses. The pre-petition retainer received, plus all interest accrued and accruing thereon, is ordered to be disgorged to the Debtor within ten days of the entry of this Opinion.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.