**In re APEX OIL COMPANY, et al., Debtors.**

**Motion No. 04–01–C.
Bankruptcy No. 87–03804–BSS.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

July 2, 1991.

Edwin G. Shifrin, Susman, Schermer, Rimmel & Shifrin, St. Louis, Mo., Arnold M. Quittner, Robert Jay Moore, Bernard Shapiro, Gendel, Raskoff, Shapiro & Quittner, Clayton, Mo., Arnold M. Quittner, Robert Jay Moore, Paul S. Aronzon, Bernard Shapiro, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., Dennis A. Ferrazzano, Barack, Ferrazzano and Kirschbaum, Chicago, Ill., for debtors.

Gregory D. Willard, Laurence M. Frazen, Bryan, Cave, McPheeters and McRoberts, St. Louis, Mo., Stephen J. Blauner, David C.L. Frauman, Milbank, Tweed, Hadley and McCloy, New York City, for the Lender Group.

Steven N. Cousins, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., for Unsecured Creditors Committee.

Leon S. Forman, Bonnie Glantz Fatell, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for Shifrin & Treiman.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The application for compensation and reimbursement in this Chapter 11 case was transferred from the Court where the main case is pending in order to avoid any appearance of impropriety, in that a member of the Applicant/Partnership had moved to a law firm in which a relative of the Judge presiding in the main case was a partner.

This Court is faced with the difficult task of ruling on one law firm's fee application in a massive bankruptcy case pending before another bankruptcy judge. As a result, the Court must seek to fashion an equitable resolution of a complex issue in a virtual vacuum, without even the benefit of having been able to observe the services of the very lawyers on whose fee application it must now rule. "Examiner's Reply To Response Of Shifrin & Treiman To The Examiner's Report Of Application For Allowance Of Final Compensation and Reimbursement Of Expenses"; *Apex Oil Company, et al.*, No. 87–03804–BKC–BSS, Motion No. 04–01–C, page 1, dated July 22, 1988, Lloyd A. Palans, Examiner.

The Debtors, Apex Oil Company and 51 Affiliates, filed petitions for reorganization under Chapter 11 on December 24, 1987. In the Original Affidavits filed in connection with the Debtors' Application to retain legal counsel, the Applicant here stated that the firm did not have any connection with the creditors of the respective Debtors or any other party in interest, although it had represented the Debtors prior to the commencement of the case. The order authorizing the Debtors to retain the Applicant as their bankruptcy attorney was entered on December 30, 1987.

On January 13, 1988, one of the Applicant's Partners attended a meeting in the chambers of the presiding Judge to discuss the status of the Chapter 11 cases and to establish procedures for the administration of the cases. Other participants at the meeting included the attorney for the Lender Group, the Examiner and the proposed attorney for the Creditors' Committee. The Partner advised the participants of the following: (A) that a certain partner of Applicant had been a corporate officer of one or more of the Debtor entities; (B) that a certain partner had been a director of one

or more of the Debtor entities; and (C) that some of the Applicant's partners owned an interest in a limited partnership which was employed by the Debtor entities; and furthermore, that the limited partnership owned the building where the Debtor, Apex, maintained its corporate headquarters. *Affidavit Of Leslie A. Davis In Support Of The Application Of Shifrin & Treiman For Compensation,* filed August 11, 1988.

On February 12, 1988, the Applicant filed a supplemental affidavit which elaborated upon the January 13, 1988 disclosures, and added further disclosures concerning the partners' ownership of stock interests in the Debtors and the Applicant's representation of the partners of the Debtor, Apex Oil Company. *Supplemental Affidavit of Leslie A. Davis,* dated February 12, 1988.

The Applicant filed a request to withdraw as Debtors' Counsel on about March 8, 1988. With the approval of the Bankruptcy Court and under the supervision of newly appointed bankruptcy counsel, the Applicant continued to provide legal services to the Debtors until April 11, 1988.

The withdrawal of S & T (Applicant herein) as counsel has meant the loss of a most valuable client, both in and out of bankruptcy. This loss, plus the negative attention focussed on the firm as a result of the publicity associated with the Supplemental Affidavit and S & T's subsequent withdrawal from the case irreparably disrupted the law firm's practice and, in fact, brought about its dissolution. *Memorandum Of Law In Support Of Application Of Shifrin & Treiman, Attorneys, For Allowance Of Final Compensation For Services Rendered For Debtors In Possession And Reimbursement Of Expenses,* filed July 11, 1988, dated July 8, 1988.

A plan of reorganization was originally confirmed by the Bankruptcy Court on August 8, 1990.

This Application, filed on June 1, 1988, requests compensation and reimbursement for services rendered from December 24, 1987 through April 11, 1988 in the amounts of $534,308.50 and $67,795.18, respectively.

The compensation requested reflects the Applicant's voluntary reduction of $100,-000.00 from the total amount billed to the Debtors.

■ With the Court's approval, a Debtor-In-Possession may employ legal counsel "that do not hold or represent an interest adverse to the estate, and that are disinterested persons...." 11 U.S.C. § 327(a).

■ Generally, a failure to meet either of the requirements of Section 327 is a basis for disqualification of a debtor's counsel. *In re Leisure Dynamics,* 32 B.R. 753, 754 (Bankr.D.Minn.1983); *In re Roger J. Au & Son, Inc.,* 65 B.R. 322 (Bankr.N.D. Ohio 1984).

■ If a professional is a creditor of a debtor, that professional is not disinterested under Section 101(13) of Title 11 of the United States Code and is subject to disqualification under Section 327(a). *In re Pierce,* 809 F.2d 1356, 1362 (8th Cir.1987). The Debtors' bankruptcy schedules and statements list the Applicant as a pre-petition creditor.

The Court has concluded that as a result of the Applicant's status as a pre-petition creditor and as a result of the numerous associations and dealings between the Applicant and the Debtors as described in the Supplemental Affidavit, the Applicant was not a disinterested party as required by Section 327(a). The appropriate remedy of disqualification has already been effected by the Applicant's voluntary withdrawal in March, 1988.

■ In addition to disqualification, a court may also deny allowance of compensation to a professional person employed under Section 327 if at any time, such person is not a disinterested person, or holds or represents an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed. 11 U.S.C. § 328(c).

The Court has previously determined that the Applicant is not a disinterested person as the result of the Applicant's position as a pre-petition creditor. The arguments of counsel in this proceeding, the

large number of insider relationships between the Applicant and the Debtors, and the depth of the Applicant's representation of other entities which conceivably could be adversaries of the Debtors have goaded this Court to also determine that the Applicant holds or represents interests which are adverse to the estate. Such a determination, if made by a court which has not presided over the main case, at a time after a plan of reorganization has been confirmed, and in the circumstances presented here where the distinctions between parties and between interests are blurred and the legal issues in the main case are complex, would be unfair. It is sufficient for this consideration of a fee application that the Court need only determine that the Applicant is not a disinterested person, and that denial of compensation is an appropriate additional sanction.

■ Pursuant to Section 328(c), denial of compensation is within the discretion of the Bankruptcy Court. *In re Pierce, supra,* at 1363; *see also, In re Libson Shops, Inc.,* No. 82–00308(3) (Bankr.E.D.Mo.1984). The Official Consolidated Unsecured Creditors' Committee and the Lender Group have argued that **all** compensation to the Applicant should be denied because of the lack of disinterestedness, and because of the existence of allegedly adverse interests. There is strong precedent for a complete denial and disgorgement of all fees when it has been determined that the professional person was not qualified to be so employed. *In re Global Int'l Airways Corp.,* 82 B.R. 520 (Bankr.W.D.Mo.1988); *In re Gray,* 64 B.R. 505 (Bankr.E.D.Mich.1986); *In re Georgetown of Kettering, Ltd.,* 750 F.2d 536 (6th Cir.1984).

■ However, in the circumstances presented in this matter, the Court has determined that the abuse which must be addressed here is the Applicant's failure to timely disclose its relationships with the Debtors and other entities. This failure to disclose prevented the Court and the interested parties from making an informed decision about the Applicant's disinterestedness and the existence of any adverse interests. Therefore, the Applicant will be de-nied compensation and reimbursement of expenses only for that period between December 24, 1987 and January 12, 1988, during which time it failed to disclose its relationships with the Debtors and related entities. The Appendix to this Order lists the services which are not allowed for the period of non-disclosure. The total compensation which is not allowed is the amount of $117,753.50.

■ The Applicant's description of the expenses incurred in this matter included items which were lumped together without any reference to specific dates. Therefore, the entire request for reimbursement must be denied.

The denial of this portion of the application, the disqualification of the Applicant as Debtors' counsel, and the disruption of the law firm's practice and the firm's eventual dissolution will serve to restate the clear message that the courts will protect the integrity of the bankruptcy system and the judicial process which seeks to hold counsel above suspicion. *See,* the opinion of former Bankruptcy Judge Ralph R. Mabey, *In re Penoyer Farms,* No. 81M–03621 (Bankr. D.Utah, June 2, 1983).

The Court finds that the services performed after the disclosures were made on January 13, 1988 were necessary and beneficial to the estate and are therefore compensable.

IT IS ORDERED that the objections of the Lender Group and of the Official Consolidated Unsecured Creditors' Committee are sustained in part and denied in part; and that the firm of Shifrin and Treiman is allowed the total amount of $416,555.00 as compensation for legal services rendered to the Debtors for the period between December 24, 1987 and January 12, 1988; and that the request of Shifrin and Treiman for reimbursement of expenses during said period is denied; and that to the extent that Shifrin and Treiman have requested additional compensation for services rendered during this period, such request is denied.

## APPENDIX