**In re WEIBEL, INC., a California corporation, Debtor.**

**Bankruptcy No. 93–43172 T.**

United States Bankruptcy Court, N.D. California.

Dec. 1, 1993.

---

**480**

Merle C. Meyers, Goldberg, Stinnett & MacDonald, San Francisco, CA, for plaintiff/debtor/petitioner.

## AMENDED MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

The law firm of McCutchen, Doyle, Brown & Enerson (the "McCutchen Firm"), whose

employment application was denied on the ground that it was not "disinterested" as required by 11 U.S.C. § 327(a), seeks approval of its fees and costs incurred in connection with this case. For the reasons stated below, its request is denied.

## STATEMENT OF FACTS

This case was commenced by the filing of a voluntary petition on May 3, 1993. On May 21, 1993, the Debtor filed an application for an order shortening time for hearing on the Debtor's motion to employ the McCutchen Firm as its general bankruptcy counsel. The motion itself, together with supporting declarations and points and authorities, was filed on May 24, 1993. The motion was heard on June 3, 1993.

The motion was opposed by the Office of the United States Trustee and by the Debtor's principal secured creditor, Pacific Coast Farm Credit Services, Inc. ("Pacific Coast"). They objected that the McCutchen Firm was not "disinterested" within the definition of that term in 11 U.S.C. § 101(14) and thus was not qualified to be employed by the Debtor under 11 U.S.C. § 327(a).[1] The Court agreed. No appeal has been taken from the Court's order denying approval of the McCutchen Firm's employment (the "June 3, 1993 Order").

Thereafter, the McCutchen Firm filed an application seeking compensation for services provided to and costs incurred for the Debtor (the "McCutchen fee application"). The application sought fees of $127,699 and costs of $9,877.74 for services provided and expenses incurred through July 29, 1993. The McCutchen Firm acknowledged that it held a $100,000 retainer received from the Debtor prior to the commencement of the bankruptcy case. The McCutchen Firm sought permission to apply the retainer to its outstanding fees and expenses and payment of the balance by the estate. The McCutchen fee

---

**1.** Among other things, one of the partners of the McCutchen Firm had, until just prior to the commencement of the bankruptcy case, served on the Debtor's board of directors. Section 101(14) of the Bankruptcy Code defines a disin-

terested person as one who "... is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor...."

application was opposed by the Creditors' Committee and Pacific Coast on the ground that there is no legal basis for awarding attorneys' fees and costs to a law firm that has failed to qualify for employment by the debtor. Having duly considered the arguments of the parties and the applicable authorities, the Court concludes that the application should be denied.

## DISCUSSION

A chapter 11 debtor's counsel is normally awarded compensation under 11 U.S.C. § 330(a). Section 330(a) provides, in pertinent part, that:

> ... the court may award ... to a professional person employed under section 327 ... of this title ...
>
> (1) reasonable compensation for actual, necessary services rendered by such ... professional ...; and
>
> (2) reimbursement for actual, necessary expenses.

Section 327(a) provides, in pertinent part, that:

> ... the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 1107(a) makes the term "trustee" synonymous with the term "debtor-in-possession" for purposes of this application.

The McCutchen Firm does not contend that it may receive compensation under 11 U.S.C. § 330(a), its employment not having been approved by the Court under 11 U.S.C. § 327(a). Instead, it asserts three alternative theories for allowance of its fees and costs. First, it contends that its fees and costs should be allowed as actual, necessary costs of preserving the estate under 11 U.S.C. § 503(b)(1). Second, it contends that the Court has the discretion to allow its fees and expenses under 11 U.S.C. § 328(c). Third, it contends that it is entitled to recover its fees and expenses on a *quantum meruit* basis. Each of these arguments is addressed below.

## A. ADMINISTRATIVE EXPENSE

Section 503(b)(1) of the Bankruptcy Code provides that the court shall allow "... the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case...." The McCutchen Firm contends that the services it provided to the Debtor during the first few months of the case were actual and necessary and helped preserve the estate for the benefit of creditors. Consequently, it contends that it should be able to recover its fees and expenses as administrative claims under 11 U.S.C. § 503(b)(1) even though its compensation may not be approved under 11 U.S.C. § 330.

The Court will assume without deciding for purposes of this application that the services giving rise to the request for compensation were actual and necessary costs of preserving the estate. The question that remains is whether a law firm whose fees are not allowable under 11 U.S.C. § 330 because it does not qualify for employment under 11 U.S.C. § 327(a) or 1103 may have those fees allowed instead under 11 U.S.C. § 503(b)(1).

Some courts have rejected this argument reasoning that, because 11 U.S.C. § 503(b)(2) expressly provides administrative expense status for certain attorneys' fees and costs—those incurred by duly appointed attorneys, 11 U.S.C. § 503(b)(1) should not be read to apply to attorneys' fees and costs at all. *See In re F/S Airlease II, Inc.*, 844 F.2d 99, 108–109 (3d Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988). This Court is not entirely persuaded by this line of reasoning.

Nothing in the plain language of 11 U.S.C. § 503(b)(1) would appear to preclude an award of attorneys' fees and costs actually and necessarily incurred by an attorney who was not and could not be employed by a debtor-in-possession or trustee. However, whether such an award should be made is best addressed in the context of the McCutchen Firm's *quantum meruit* argument. Section 503(b)(1) does guarantee that an unsuccessful professional applicant will receive compensation.

## B.  SECTION 328(C)

■ The McCutchen Firm also contends that 11 U.S.C. § 328(c) authorizes the Court to award compensation to a law firm whose employment is denied because it is not disinterested.  This argument ignores the plain language of the statute.  Section 328(c) provides that:

> ... the court may deny allowance of compensation for services and reimbursement of expenses of a professional person *employed under section 327 or 1103 of this title* if, at any time *during such professional person's employment under section 327 or 1103 of this title,* such professional person is not a disinterested person....  [Emphasis added.]

Clearly, 11 U.S.C. § 328(c) is intended to cover professionals whose employment is approved by the court and whose disqualifying interest is either not initially perceived or comes into existence after the employment is approved.  Examples of the proper application of this statute are *In re Rusty Jones, Inc.,* 134 B.R. 321, 346–47 (Bankr.N.D.Ill. 1991) and *In re Apex Oil Co.,* 128 B.R. 671, 674 (Bankr.E.D.Mo.1991).  Section 328(c) cannot be stretched to apply to a professional who was never "employed under section 327 or 1103" of title 11.  *In re Peoples Savings Corp.,* 114 B.R. 151, 156 (Bankr.N.D.Ill.1990).

## C.  QUANTUM MERUIT

■ The McCutchen Firm's principal argument is that, as a matter of fairness, on a *quantum meruit* basis, its fees and expenses should be allowed as an administrative expense claim.  The only Ninth Circuit case relating to this issue of which this Court is aware is *In re Shirley,* 134 B.R. 940 (9th Cir. BAP 1992).  In *Shirley,* a debtor-in-possession's attorney was denied compensation, having never applied for approval of his employment.  He then sought relief from the automatic stay to file an action for compensation in state court on a *quantum meruit* basis.  Affirming the bankruptcy court's denial of the motion, the Panel held that:

> ... the Bankruptcy Code and Federal Rules of Bankruptcy Procedure operate to preclude fee awards for services performed on behalf of a bankruptcy estate based

upon state law theories not provided for by the Code.

*Id.,* 134 B.R. at 944.  In *Shirley,* however, the claimant had never applied for approval of his employment.  This presents a fundamental difference between that case and this.

Most of the other cases in which this issue has been addressed are similarly distinguishable.  In *In re Office Products of America, Inc.,* 136 B.R. 675, 686 (Bankr.W.D.Tex. 1992), for example, the party seeking compensation was an investment banking firm.  The trustee in that case had never requested approval of the investment banker's employment and disputed that the firm had provided valuable services.  The Court concluded that it would be bad policy to establish a rule that "... would open the door for professionals to flock to asset cases, eager to confer some sort of benefit, then to demand compensation as an administrative expenses in quantum meruit, without ever bothering to seek approval for its employment or to file an appropriate fee application." *Id.,* 136 B.R. at 689.  This rationale has no application to the instant case.

Similarly, in *F/S Airlease,* the professional had failed to apply for approval of its employment before performing services and the Court concluded that there was an insufficient basis for approving the employment on a *nunc pro tunc* basis.  *F/S Airlease, supra,* 844 F.2d at 106–108.  *See also In re Sky Valley, Inc.,* 135 B.R. 925, 936 (Bankr. N.D.Ga.1992) (fee claim disallowed where no approval had been sought for the employment of a financial consultant).

This Court is aware of only two cases with facts similar to those in the instant case: *In re Peoples Savings Corp.,* 114 B.R. 151 (Bankr.N.D.Ill.1990) and *In re Grabill Corp.,* 983 F.2d 773 (7th Cir.1993).  In both cases, the claimant applied for approval of its employment.  In both cases, the claimant's employment was not approved because it was concluded that the claimant was not disinterested.  In *Peoples Savings Corp.,* the court concluded that it had no discretion to award compensation on a *quantum meruit* basis.  It concluded that:

> To award the Applicant compensation based upon the theory of quantum meruit

or any other equitable basis ... would undermine the Order denying the employment and render it a virtual nullity. The strict requirements of section 327 would be effectively eviscerated by an award of compensation.

*Peoples Savings Corp.*, 114 B.R. at 156.

In *Grabill*, the Court acknowledged the possibility of a *quantum meruit* award. However, according to the *Grabill* Court, to qualify for such an award, the claimant would have to seek approval of its employment as promptly as possible, perform critical services that could not be deferred, and have no reason to believe that it would not qualify for employment. The Court found the claimant in its case deficient in two respects—not having applied for approval of its employment for nearly a month and having known of the disqualifying factor. *Grabill*, 983 F.2d at 777.

■ As in *Grabill*, this Court thinks it possible that a *quantum meruit* award could be made in an appropriate case. As in *Grabill*, the Court concludes that the claimant has failed to establish that this is an appropriate case. The McCutchen Firm waited approximately 18 days to apply for approval of its employment and has not explained its delay. Moreover, it requests fees for approximately two months after its employment application was denied. Additionally, the McCutchen Firm knew of the disqualifying factors. Therefore, it acted at its own peril in choosing to proceed with the application and the potentially noncompensable services.

The McCutchen Firm disclosed numerous connections with the Debtor. For simplicity, the Court will focus on the ground for disqualifying the McCutchen Firm which it considers the clearest: the fact that, as noted above, one of the McCutchen Firm's partners served as a director of the Debtor until just prior to the commencement of the bankruptcy case.

The McCutchen Firm advanced two arguments in its employment application as to why this connection should not disqualify it from employment by the Debtor. First, it contended that only the individual partner who had been the director was disqualified from employment, not the McCutchen Firm as a whole. It proposed to insulate the partner from the case. Second, it argued that the court should not read 11 U.S.C. § 327(a) and 101(14)(D) in a "hypertechnical" fashion at the expense of the estate. The employment of the McCutchen Firm would be in the best interests of the estate because of its familiarity with the business of the Debtor and its expertise in general. Therefore, the Court should exercise discretion to waive the "disinterestedness" requirement.

As is clear from the summary of authorities in the McCutchen Firm's brief, the distinction drawn by the McCutchen Firm in its first argument has been accepted by few courts. This Court will follow the majority rule. If a partner is disqualified, the firm is disqualified. Moreover, if the most knowledgeable partner is insulated, the McCutchen Firm's "efficiency" argument is correspondingly weakened.

■ Second, this Court is not free to read 11 U.S.C. § 327(a) liberally. This Court is bound by *In re Siliconix, Inc.*, 135 B.R. 378 (N.D.Cal.1991). In *Siliconix*, the district court reversed the bankruptcy court's order permitting the debtor to employ an accounting firm that held a substantial pre-petition claim against the estate. In reaching its conclusion, the district court expressly rejected the "efficiency" argument. Instead, it quoted with approval language taken from bankruptcy court decisions justifying the strict application of the statute, thereby sacrificing efficiency in order to maintain the "the appearance of propriety" and "to ensure the integrity of the bankruptcy process." *Siliconix*, *supra*, 135 B.R. at 380. While the facts are somewhat different in the instant case, the principle is not.

Finally, as a policy matter, it would be counterproductive to allow compensation to a law firm that had reason to know from the outset that its employment was unlikely to be approved. If counsel were assured that it would be compensated for its services regardless of the tenuousness of its qualifications, it would have no disincentive to refrain from seeking employment. Debtors would suffer greater dislocation than if the disqualifying factors were confronted at the onset and appropriate disinterested counsel associated during the bankruptcy planning stage.

## CONCLUSION

The McCutchen Firm's application for compensation is denied. Section 503(b)(1) of the Bankruptcy Code does not by itself authorize allowance of compensation to a professional whose compensation may not be allowed under 11 U.S.C. § 503(b)(2). Section 328(c) gives the Court discretion to allow or deny compensation to a professional who is not disinterested only if that professional's employment has been approved under 11 U.S.C. § 327 or § 1103. It is possible that the doctrine of *quantum meruit* would justify allowance of compensation to a professional who applied promptly, performed critical services that could not be deferred, and had no reason to expect that its employment application would be denied. If such an award were made, it would fall within the scope of 11 U.S.C. § 503(b)(1). However, a *quantum meruit* award is not warranted here. The McCutchen Firm did not apply as promptly as possible and seeks compensation beyond a reasonable term. More important, the McCutchen Firm knew well it was swimming against the tide of authority in seeking approval of its employment and acted at its peril. All compensation is denied, and the McCutchen Firm is directed to return its retainer to the Debtor.