**In re Steven Allen MARSHALL, Debtor.**

**Bankruptcy No. BKY 95–50588.**

United States Bankruptcy Court,
D. Minnesota.

Aug. 8, 1997.

Michael J. Talarico, Talarico & Halunen, Ltd., Duluth, MN, for debtor.

Paul J. Sandelin, Gamello & Sandelin, P.A., Pequot Lakes, MN, for trustee.

Michael J. Fadlovich, Minneapolis, MN, Asst. U.S. Trustee.

*ORDER DISALLOWING ATTORNEY'S FEES AND EXPENSES*

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the motion of Clayton D. Halunen for allowance of attorney's fees and reimbursement of expenses. Michael J. Talarico appeared on behalf of Halunen, Paul J. Sandelin, the trustee, appeared *in propria persona,* and Michael R. Fadlovich appeared on behalf of the United States Trustee.

This court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and Local Rule 1070–1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

The debtor filed his Chapter 7 petition on October 12, 1995. Prior to filing his bankruptcy petition, the debtor had filed a sexual harassment suit against his former employer, the Original Cookie Company. Halunen represented the debtor both in the sexual harassment case and in his bankruptcy case. As a result of the filing, the sexual harassment case became property of the debtor's estate. 11 U.S.C. § 541. However, the debtor failed to disclose this claim on his bankruptcy schedules. On January 17, 1996, the debtor received his discharge and the case was closed on February 28, 1996.

On May 22, 1996, I granted the United States Trustee's motion to reopen the debtor's bankruptcy case to administer assets. Greg Gilbert was appointed the trustee. However, Gilbert rejected his appointment upon discovering that his law firm was also representing the Original Cookie Company in the debtor's sexual harassment action. Accordingly, on June 3, 1996, Paul Sandelin was appointed the successor trustee.

On October 31, 1996, the debtor, still represented by Halunen, amended his Schedule C to claim the pending sexual harassment claim as exempt.[1] The debtor sought to exempt the claim under Minn.Stat. § 550.37, and Sandelin objected. A hearing on Sande-

---

1. He did not amend his Schedule B to list the claim as an asset.

lin's objection to the exemption claim was set for December 30, 1996, but at the hearing the parties notified the court that they had reached a settlement. However, this settlement proved evanescent, and despite several months of subsequent negotiations, the parties were unable to resolve the exemption issue.

In the ensuing months, Halunen continued to act on behalf of the debtor. During some of this time, Halunen also claims to have been representing the trustee in settlement negotiations with the Original Cookie Company. As a result, Halunen claims to have been representing the debtor in his exemption dispute with the trustee, as well as representing both the debtor and the trustee in their claims against the Original Cookie Company. Halunen and Sandelin exchanged correspondence regarding a possible employment arrangement. In February of 1997, Halunen reached a settlement with the Original Cookie Company for the amount of $20,-000.

On April 28, 1997, following the settlement, Sandelin sought court approval to employ Halunen to represent the estate. On May 1, 1997, I entered an order denying Halunen's employment, based on his conflict of interest.

On May 12, 1997, Sandelin renewed his objection to the debtor's claimed exemption in the settlement proceeds. On May 30, 1997, I entered an order disallowing the exemption. *In re Marshall*, 208 B.R. 690 (Bankr.D.Minn.1997).

## DISCUSSION

In this motion, Halunen seeks to recover $8,196.25 in attorney's fees and expenses pursuant to 11 U.S.C. §§ 503(a)(1)(A) and 330.

### *§ 327(a)*

Section 327(a) of the Bankruptcy Code governs the employment of attorneys and other professional persons by the trustee. Section 327(a) provides that:

2. As a result, a careful attorney will not do any work until after an order has been entered ap-

[T]he trustee, *with the court's approval,* may employ one or more attorneys ... *that do not hold or represent an interest adverse to the estate,* and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).

■ It is axiomatic that attorney's fees are not recoverable unless the applicant has obtained court approval. *Lavender v. Wood Law Firm,* 785 F.2d 247, 248 (8th Cir.1986) (holding that, in absence of court approval, "applications for fees should be denied."); *In re Mork,* 19 B.R. 947, 948 (Bankr.D.Minn. 1982) (holding that application of this rule has been "uniform[ ] and without exception ... in the bankruptcy court in the District of Minnesota....").

■ Therefore, if the bankruptcy court denies an application for an attorney's employment, any outlay of services by the attorney will be regarded as strictly gratuitous.[2] Work, regardless of its industriousness or resulting benefit, will go uncompensated when performed in the face of a court order denying employment:

When there is no compliance with the Code or rules, a[n] [attorney] may forfeit his right to compensation. The services for which compensation is requested should have been performed pursuant to appropriate authority under the Code and in accordance with an order of the court. Otherwise, the [attorney] rendering services may be an officious intermeddler or a gratuitous volunteer. The purpose of the rule requiring prior court authorization of employment is to provide the court with a means of control over administrative expenses. Thus, an attorney who acts for a trustee or on behalf of a trustee without approval by the court may be denied any compensation even though valuable services were rendered in good faith.

*In re Land,* 116 B.R. 798, 806 (D.Colo.1990).

I am aware of only three cases in which applicants sought fees in the wake of a denial

proving the attorney's employment.

of employment applications. In *In re Peoples Savings Corp.*, 114 B.R. 151 (Bankr. N.D.Ill.1990), the debtor in possession's attorney sought fees after its application for employment was denied.[3] The court held that it "lack[ed] statutory authority to allow ... compensation ... for the services performed prior to and after the order *denying* employment." *In re Peoples*, 114 B.R. at 155 (emphasis added). *See also In re Grabill Corp.*, 983 F.2d 773, 778 (7th Cir.1993) (holding that the attorney "ha[d] no claim based on principles of equity ... or section 330, for seeking compensation ... by virtue of being denied [employment]."); *In re Weibel Inc.*, 161 B.R. 479, 483 (Bankr.N.D.Cal.1993) (holding that "after its employment application was denied, [the law firm] acted at its own peril in choosing to proceed with... potentially noncompensable services.").

### *§ 503(b)*

 Halunen also argues that his fees are allowable as administrative expenses under 11 U.S.C. § 503(b). This section states in part:

> (b) After notice and a hearing, there shall be allowed administrative expenses ... including—
>
> > (1) (A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after commencement of the case;

11 U.S.C. § 503(b)(1)(A).

However, the authority granting these administrative expenses under § 503(b)(1)(A) stems from § 503(b)(2), which allows "compensation and reimbursement awarded under section 330(a) of this title." 11 U.S.C. § 503(b)(2). Section 330(a) of the Bankruptcy Code stipulates, in part:

> (a) (1) After notice to the parties in interest and the United States Trustee and a hearing ... the court *may* award to a[n] [attorney] *employed under section 327* or 1103—

> > (A) reasonable compensation for actual, necessary services rendered by the ... attorney....'

11 U.S.C. § 330(a) (emphasis added).

Because he has been denied employment under § 327(a), Halunen may not recover fees under § 503(b) pursuant to § 330. Section "503(b)(1) ... does not ... authorize allowance of compensation to a[n] [attorney] whose compensation may not be allowed under 11 U.S.C. § 503(b)(2)." *In re Weibel*, 161 B.R. at 484. Allowing Halunen compensation pursuant to § 503(b)(1) after his employment has been denied, "would ... render[ ] [§ 327(a) ] nugatory, thus contravening Congress' intention in requiring [court] approval of [attorneys]." *In re Rheam of Ind.*, 137 B.R. 151, 162–63 (Bankr.E.D.Pa.1992) (citing *In re F/S Airlease II, Inc. v. Simon*, 844 F.2d at 99, 108–09 (3rd Cir. 1988)). Therefore, Halunen is precluded from circumventing the restrictions outlined in § 327(a) by invoking § 503(b)(1).

### *§ 328(c)*

Additional support for denying Halunen's fees is found in § 328 of the Bankruptcy Code. Section 328(c) prescribes limitations on attorney compensation:

> [T]he court may deny allowance of compensation for services and reimbursement of expenses of a[n] [attorney] employed under section 327 ... if, at any time during such [attorney]'s employment, [the attorney] ... *represents or holds an interest adverse to the interest of the estate* with respect to the matter on which such [attorney] is employed.

11 U.S.C. § 328(c) (emphasis added).

A court which has approved an attorney's employment pursuant to § 327(a), may subsequently deny compensation upon discovering the attorney represents or holds an interest adverse to the estate. Under 328(c), conflicts which are initially concealed or undisclosed can result in a denial of the attorney's compensation. Therefore, an attorney may be precluded from recovering compensa-

---

**3.** An attorney for a debtor in possession is subject to the same requirements as a trustee's attor-ney. 11 U.S.C. § 1107(a).

tion irrespective of the court's initial approval of employment. If a court can deny compensation to an attorney with a conflict of interest who has received court approval for the attorney's employment, surely a court can deny compensation to an attorney whose employment was denied because of a conflict.

### Quantum Meruit and Unjust Enrichment

██ Halunen also argues that he is entitled to recover fees and expenses based upon equitable theories of quantum meruit and unjust enrichment. The quantum meruit doctrine prevents unjust enrichment by one who has benefited from the labor of another by implying a promise to pay. Halunen contends that he benefited the estate by facilitating a favorable settlement. Furthermore, Halunen alleges that the bankruptcy estate will receive a windfall if he is denied just compensation.

██ While Halunen's efforts may have enhanced the value of the estate and some unjust enrichment may result if he goes uncompensated, these considerations are immaterial in the present context. An applicant's failure to comply with the Code is fatal to his fee request, regardless of the benefit to the estate. *In re Peoples,* 114 B.R. at 155 ("[N]oncompliance with section 327(a) ... leads to forfeiture of compensation, *even if valuable services were furnished to the estate.*") (emphasis added); *Kressel v. Kotts,* 34 B.R. 388, 391 (D.Minn.1983) (" [E]ven if the ... services had value, [the attorney] would not be entitled to compensation because he failed to obtain ... court approval ... as required by 11 U.S.C. § 327(a).").

The law is unambiguous that an attorney who proceeds without court approval is deemed a volunteer. While "this result may seem draconian, the Bankruptcy Code and Rules are clear." *In re Peoples,* 114 B.R. at 155. In fact, this is an anticipated and "unavoidable consequence of [failing to abide by] the requirement of ... approval, [and] the fact that the ... services were beneficial to the ... estate is immaterial...." *Airlease,* 844 F.2d at 108.

Furthermore, allowing Halunen fees and expenses under the auspices of quantum me-

ruit would circumvent my explicit order denying his employment. As echoed in the *Peoples'* decision, "[t]o award the [attorney] compensation based upon the theory of quantum meruit or any other equitable basis ... would undermine the Order denying the employment and render it a virtual nullity. The strict requirements of section 327 would be effectively eviscerated by any award of compensation." *In re Peoples,* 114 B.R. at 156.

██ Finally, Halunen contends that he is entitled to compensation pursuant to the terms of an employment arrangement with Sandelin. However, any arrangements between the applicant and the trustee are irrelevant insofar as they fall outside the statutory framework of the Bankruptcy Code. Barring court approval, "contracts" between trustees and prospective professionals are without legal effect.

██ Furthermore, Halunen alleges that he is entitled to expectancy damages since he provided valuable services in anticipation of payment. Again, Halunen misses the mark. The applicant's belief, however sincerely held, that he has reached an agreement with the trustee, cannot overcome the statutory requirement.

While I am sympathetic to the plight of the uncompensated professional, it should be remembered that the applicant in this case brought the present difficulties upon himself by neglecting to include the sexual harassment claim on the debtor's schedules when the case was originally filed, by failing to recognize that any representation of the trustee would conflict with his representation of the debtor, and failing to comply with § 327 of the Code. Had Halunen awaited court approval before providing legal assistance, he would not be in this predicament. For the foregoing reasons, IT IS ORDERED: The request by Clayton D. Halunen for allowance of fees and reimbursement of expenses in the amount of $8,196.25 is denied.