**In re ENCAPSULATION INTERNATIONAL, LLC, Debtor.**

**Bankruptcy No. 96–31762–B.**

United States Bankruptcy Court, W.D. Tennessee.

Oct. 26, 1998.

---

David A. Velander, Memphis, TN.

Madalyn S. Greenwood, Memphis, TN, Assistant United States Trustee.

Benjamin S. Dempsey, Huntingdon, TN, for Debtor.

Henry C. Shelton, III, Memphis, TN, for DAM Investments, Ltd.

C. William Denton, Memphis, TN, for Zanaki, LLC.

## MEMORANDUM OPINION AND ORDER DENYING DAVID A. VELANDER'S APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE

WILLIAM H. BROWN, Bankruptcy Judge.

This contested matter is before the Court on the application of David A. Velander, former attorney for the debtor, seeking the Court's approval of payment of Mr. Velander's attorney's fees and expenses associated with the debtor's chapter 11 case from the estate's assets as an administrative expense pursuant to 11 U.S.C. § 503(b)(1) and FED. R.BANKR.P. 2016(a). Mr. Velander's application is met with opposition from the United States Trustee, who asserts that Mr. Velander should not be allowed to claim his legal fees as an administrative expense under § 503(b)(1) because his employment as counsel for the debtor was not authorized nor approved by the Court pursuant to the provisions of 11 U.S.C. § 327(a).

The issue presented to the Court is whether Mr. Velander can claim his legal fees as an administrative expense of the estate, when he was not approved by the Court as counsel for the debtor due to his inability to meet the "disinterestedness" requirement of § 327(a). Based on Mr. Velander's failure to meet the qualification requirements for employment as debtor's counsel under § 327(a), the Court concludes that Mr. Velander's legal fees and expenses incurred in this case cannot be claimed as an administrative expense of the debtor's estate. Therefore, Mr. Velander's application is DENIED. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). This opinion and order contains findings of fact and conclusions of law pursuant to FED. R.BANKR.P. 7052.

## FACTUAL SUMMARY

Mr. Velander was counsel for the debtor and commenced this case by filing the debtor's chapter 11 petition on September 13, 1996. Pursuant to the mandate of § 327(a) of the Bankruptcy Code, the debtor subsequently filed an application for employment of Mr. Velander as counsel for the debtor on October 30, 1996. As the United States Trustee points out, however, Mr. Velander's affidavit in support of the application for employment stated, "although I am not a disinterested person as defined in 11 U.S.C. § 101(14), I do not actively represent an interest adverse to the Debtor–In–Possession...." The United States Trustee and the debtor's two primary creditors voiced opposition to Mr. Velander's employment, based on the fact that Mr. Velander was a prepetition creditor, that his wife and minor children hold title to Mr. Velander's ownership interest in the debtor company, that he held the position of manager of the debtor until his postpetition resignation, and that he owed more than $70,000.00 in legal services to the debtor pursuant to the terms of his prebankruptcy employment agreement, thus rendering Mr. Velander a debtor of the debtor company. His application for employment by the bankruptcy estate was subsequently withdrawn, and substitute counsel, Mr. Dempsey, was retained with this Court's approval.

Mr. Velander has now filed his application seeking compensation as a § 503(b)(1) administrative expense of the estate for legal fees and expenses totaling $14,326.00 incurred during the time of his representation as counsel of record for the debtor. The United States Trustee again has objected to Mr. Velander's application, alleging that because Mr. Velander failed to meet the "disinterestedness" requirement for employment and compensation of the debtor's counsel under § 327(a), he should not now be permitted to come through the "back door" of § 503(b)(1) and collect his legal fees as an administrative expense of the debtor's estate.

---

**1.** Section 1107(a) of the Bankruptcy Code gives a debtor in possession the rights, powers, functions

## ANALYSIS AND CONCLUSIONS OF LAW

■ The Court must look to the provisions of the Bankruptcy Code in order to determine whether to award compensation from the bankruptcy estate to professionals acting for the benefit of the debtor. Bankruptcy Code § 327(a) governs the employment of professionals by the trustee or, in this case, the chapter 11 debtor in possession.[1] Section 327(a) states:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys...or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

■ It is "axiomatic that attorney's fees are not recoverable unless the applicant has obtained court approval." *In re Marshall,* 211 B.R. 662, 664 (Bankr.D.Minn.1997) (citing *Lavender v. Wood Law Firm,* 785 F.2d 247, 248 (8th Cir.1986), and *In re Mork,* 19 B.R. 947, 948 (Bankr.D.Minn.1982)). The *Marshall* Court went on to note that "if the bankruptcy court denies an application for an attorney's employment, any outlay of services by the attorney will be regarded as strictly gratuitous. Work, regardless of its industriousness or resulting benefit, will go uncompensated when performed in the face of a court order denying employment." *Id.* In addition, the *Marshall* Court observed:

A court which has approved an attorney's employment pursuant to § 327(a), may subsequently deny compensation upon discovering that attorney holds or represents an interest adverse to the estate....If a court can deny compensation to an attorney with a conflict of interest who has received court approval for the attorney's employment, surely a court can deny compensation to an attorney whose employment was denied because of a conflict. *Id.* at 665–666.

---

and duties of a chapter 11 bankruptcy trustee.

In this case, there is no court order denying Mr. Velander's employment only because the application for employment was withdrawn prior to a hearing on the application. Mr. Velander admits that he does not meet the requirements of § 327(a) due to his lack of disinterestedness in this case, and the Court therefore concludes that the application for employment and compensation of Mr. Velander would have been denied on that basis if brought before the Court.

Because Mr. Velander cannot recover his legal fees and expenses pursuant to § 327(a), he now asserts that his legal fees are compensable as an administrative expense under § 503(b) of the Bankruptcy Code. Section 503(b)(1)(A) states:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

As the *Marshall* Court noted, authority for allowing administrative expenses under § 503(b)(1)(A) may not be divorced from § 503(b)(2), which permits "compensation and reimbursement awarded under section 330(a)...." *Id.* at 665. Section 330(a) provides, in pertinent part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing...the court may award to a trustee, an examiner, *a professional person employed under section 327 or 1103*—
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person.... (Emphasis added.)

Section 330(a) allows compensation to the debtor in possession's attorney only if the attorney has been employed with the court's approval pursuant to § 327 or § 1103.

Furthermore, § 503(b)(1) does not authorize compensation to any attorney whose compensation may not be allowed under § 503(b)(2). *Id.* at 665 (citing *In re*

*Weibel*, 161 B.R. 479, 484 (Bankr.N.D.Cal. 1993)). Any other interpretation of § 503(b)(1) renders § 503(b)(2) and § 327 "nugatory." *McCutchen, Doyle, Brown & Enersen v. Official Comm. Of Unsecured Creditors (In re Weibel)*, 176 B.R. 209, 213 (9th Cir. BAP 1994) (citing *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 109 (3rd Cir. 1988)). Mr. Velander should not be permitted to thwart the clear and express intentions of § 327(a) by attempting to recover his fees from the bankruptcy estate as an administrative expense pursuant to § 503(b)(1).

In addition, although Mr. Velander has not raised a quantum meruit or unjust enrichment theory to recover his attorney's fees, any compensation award to Mr. Velander must be based on provisions of the Bankruptcy Code, and the Code does not provide for allowance of professional fees based on such state law theories when they conflict with the Code's clear provisions. *Id.* at 212.

Mr. Velander was aware or should have been aware of his interest in the debtor's case and his inability to act as counsel for the debtor before he undertook representation, yet he proceeded to act on behalf of the debtor, apparently even after substitute counsel for the debtor was approved by the Court. The Court concludes that, because Mr. Velander was not approved as counsel for the debtor pursuant to § 327(a), he cannot circumvent the requirements of that section to be compensated under the guise of a claim for § 503(b) administrative expenses. Therefore, Mr. Velander's application for the allowance of compensation as an administrative expense is **DENIED**.